ROUNTREE, &c.<br>*vs*<br>BARTON.

---

## Rountree, &c. *vs* Barton.

APPEAL FROM THE EDMONSON CIRCUIT.

*Entries and surveys.  Actual settlers.*

JUDGE BRECK delivered the opinion of the Court.

IN 1783, Roger Barton made an entry for 928 acres of land, on a branch of Nolin creek, and which afterwards, in 1786, was surveyed.

Barton was killed in St. Clair's defeat, and in 1837, the Legislature passed an act authorizing the Register to issue a patent upon this survey, to Barton's heirs, and which issued accordingly. The act contained this proviso: "*Provided, however*, That said patent is not to prejudice the title of any person having claim to said land adverse to said Roger Barton."

In 1844, the heirs exhibited this bill against Rountree and Meredith, alledging that the former, with a full knowledge of their claim, and notwithstanding they had, by themselves and tenants, for many years, been in the possession and occupancy of part of said land, and claiming the whole in virtue of their title, had fraudulently caused a survey to be made and a patent to issue for a large portion of the land embraced by their survey and patent; and that the patent of said Rountree was of elder date. They alledge that Meredith is combining with Rountree and is in possession of a portion of the land. They pray that Rountree may be decreed to surrender to them his elder title, and that Meredith may be decreed to surrender the possession.

The defendants denied the alledged fraud and relied upon a patent to defendant, Rountree, for about 600 acres, bearing date in 1834.

CHANCERY.<br><br>*Case* 155.<br><br>*September* 30.

The complainant's case as presented by the bill.

Defendant's answer.

ROUNTREE, &C.
*vs*
BARTON.

Decree of the
Circuit Court.

An entry made in 1783, and a survey in 1786, but not registered; an act of the Legislature in 1837, authorizing the issue of a patent "not to prejudice the title of any person having claim to said land," gave no title against a previous grant. But so far as it was *improved and cultivated*, to that extent, the settler was protected by the act of 1831. (2 *Stat. Law*, 1037.)

The Court below was of opinion that the title set up by the complainants, was superior and paramount in equity, to that under which the defendants claim, and accordingly decreed that, so far as the patent of Rountree interfered with the complainant's patent, that it should be held null and void, and that the defendants should surrender and abandon to the complainants the land in contest, on or before, &c.

The defendants have appealed to this Court.

It appears that the survey of Rountree, with the exception of a few acres, lies within the bounds of the survey of Barton, but what portion of it was in the possession and occupancy of the complainant when Rountree made his survey and obtained his patent, is not satisfactorily shown, and is not material in determining the important question, what effect should be given to the entry and survey of Barton. The decree is based upon the ground that the title set up by the complainants, is superior in equity to that relied on by the defendants. To reach this conclusion the entry and survey of Barton must be deemed valid and available against the title of the defendant. But without the benefit of the act of the Legislature, the entry and survey were a dead letter, wholly inefficacious as the foundation or evidence of title. No patent could issue upon the survey, and neither the entry or survey could have been successfully relied on either at law or in equity, against the title of Rountree. The question then arises whether the Legislature has given them any vitality or efficacy for that purpose. It seems to us it has not. The patent authorized to be issued "is not to prejudice the title of any person having claim to said land adverse to Roger Barton." Rountree at that time had title to this land, and his title or claim was adverse. It seems to us then, that the complainants cannot render their entry and survey more available against Rountree since they obtained their patent than they could before. But as the evidence conduces to show that a portion of the land embraced by Rountree's patent was *improved and cultivated*, and in the use and occupancy of the complainants at the time Rountree made his survey and ob-

tained his patent, we are of opinion to that extent the complainants, under the act of 1831, (2 *Stat. Law,* 1037,) had a pre-emptive right, and were entitled to relief. But as the testimony is very indefinite as to what portion of the land was so held by them, upon the return of the cause it should be referred to a commissioner to hear testimony, and ascertain and report the facts.

Wherefore, the decree is reversed and the cause remanded for further proceedings and relief according to the principles of this opinion.

*B. & A. Monroe* for appellants; *W. L. Underwood and Morehead & Reed* for appellee.